IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALAN S. MACDONALD<br>66 River Drive<br>Annapolis, Maryland  21403<br><br>     and<br><br>SUDHIR R. RAO<br>12220 Running Fence Lane<br>Clarksville, Maryland  21029<br><br>     and<br><br>RANDALL ZEH<br>10 West Lee Street<br>Baltimore, Maryland  21201<br><br>     and<br><br>SHILPA JOHNSON<br>10008 Rolling River Run<br>Laurel, Maryland  20723<br><br>         Plaintiffs/Stakeholders,<br><br>    v.<br><br>HIPPOCRATIC GROWTH<br>  MARYLAND PROCESSING, LLC<br>320 High Street, Suite A<br>Chestertown, Maryland  21620<br><br>   Serve:<br><br>      STEPHEN Z. MEEHAN<br>      208 High Street, Suite 200<br>      Chestertown, Maryland  21620<br><br>     and<br><br>MICHAEL PESCE<br>85 Sunshine Circle<br>Erie, CO 80516<br><br>         Defendants/Claimants. | Case No. 22-2903 |

## **COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiffs/Stakeholders Alan S. Macdonald, Sudhir R. Rao, Randall Zeh, and Shilpa Johnson, by and through undersigned counsel, hereby file this Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335, alleging as follows:

### **Introduction**

1. This is an interpleader action brought pursuant to 28 U.S.C. § 1335 by Plaintiffs, the holders of the membership interests in Pro Green Medical, LLC (collectively, "Plaintiffs/Stakeholders"), against adverse claimants Hippocratic Growth Maryland Processing, LLC ("Hippocratic") and Michael Pesce ("Pesce") (collectively, "Claimants" or "Defendants/Claimants," and each individually a "Defendant/Claimant"). Defendants each claim ownership of the exclusive right to purchase Pro Green from Plaintiffs.

2. Plaintiffs/Stakeholders Alan S. Macdonald, Sudhir R. Rao, Randall Zeh, and Shilpa Johnson are the individual holders of, in the aggregate, 100% of the membership interests in Pro Green Medical, LLC ("Pro Green"), a Maryland limited liability company purporting to have its principal place of business in Frederick, Maryland. Each Plaintiff is a citizen of Maryland.

3. Defendant/Claimant Michael Pesce is a citizen of Colorado.

4. Defendant/Claimant Hippocratic is a limited liability company organized under the laws of the State of Maryland with its principal place of business in Chestertown, Kent County, Maryland.

### **Jurisdiction and Venue**

5. This Court has original jurisdiction over this civil action in the nature of interpleader pursuant to 28 U.S.C. § 1335. Plaintiffs/Stakeholders have in their custody, control, or possession property valued at $500.00 or more and the Defendants/Claimants

2

that claim to be entitled to the property—the option to purchase Pro Green and Pro Green's medical cannabis processing license—are citizens of different states (*i.e.*, Maryland and Colorado, as alleged above).

6.      Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1397 because the District of Maryland is the judicial district in which one of the Claimants (Hippocratic) resides.

## Factual Background

7.      Hippocratic is a Maryland limited liability company formed for the purpose of managing a medical cannabis processing facility.

8.      Pesce is the founder of TC Maryland, Inc. ("TC Maryland"), a Maryland corporation created to conduct business in the State's medical cannabis processing industry.  Pesce also is the LLC Manager of Pro Green.

9.      Pro Green was awarded a license to operate a medical cannabis processor in Maryland by the Maryland Medical Cannabis Commission ("MMCC") (herein, the "License").

10.     Pursuant to a May 2019 Option Purchase Agreement, as ultimately amended by that certain Second Amendment to Option Purchase Agreement dated February 28, 2022 entered into among Pro Green, the individual holders of membership interests in Pro Green, and TC Maryland (the "OPA"), TC Maryland holds the exclusive right to purchase Pro Green's License. (*See* **Ex. A** (OPA).[1]) Under COMAR 10.62.19.07, the MMCC must provide prior approval for a transfer of management control and

---

[1] In deference to the presumed confidentiality sensitivities of the Defendants/Claimants, in addition to the fact that some of the underlying documentation imposes explicit confidentiality requirements, the Exhibits hereto are being filed under seal.

3

ownership for any licensed cannabis company such as Pro Green. Accordingly, any exercise of the option to purchase Pro Green's License under the OPA also must be accompanied by a transferor's consent to transferee's application to the MMCC to transfer Pro Green's License.[2]

11. On February 18, 2021, Defendants/Claimants Hippocratic and Pesce executed a Stock Purchase Agreement, under which Hippocratic would acquire, *inter alia*, 90% of the shares of TC Maryland, the rights under the OPA, *i.e.*, the right to exercise the option to purchase Pro Green (and Pro Green's License), and the management of Pro Green, subject to MMCC approval.

12. At various times since the execution of the Stock Purchase Agreement, each of the Defendants/Claimants has accused the other Defendant/Claimant of committing material breach(es) of the Stock Purchase Agreement.

13. On or about January 11, 2022, Hippocratic filed a lawsuit for breach of contract against Pesce in the Circuit Court for Baltimore County, Case No. C-03-CV-22-000138 (the "Hippocratic Complaint"). (*See* **Ex. B**.)

14. Pesce removed the Hippocratic Complaint to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Hippocratic sought remand, but the Court denied

---

[2] Pesce has maintained that, as the manager of Pro Green and as its designated representative to the MMCC, he has the sole authority to consent to the transfer application. (*See* **Ex. E**, Aug. 30, 2022, letter from N. Galvin (Pesce's counsel) to Plaintiff/Stakeholder A. Macdonald.) Hippocratic has maintained that the Plaintiffs/Stakeholders, as members of Pro Green, have the authority to consent to the submission of the application. (**Ex. F**, Sept. 22, 2022 e-mail from J. Tepe (Hippocratic counsel) to Plaintiff/Stakeholder A. Macdonald.)

Hippocratic's motion to remand on January 19, 2022. The Hippocratic Complaint is docketed in this Court as Case No. 1:22-cv-00090-LKG.[3]

15. The Hippocratic Complaint concerns a dispute regarding which Defendant/Claimant herein—Hippocratic or Pesce—owns TC Maryland. (*See* **Ex. B**; *see also* Case No. 1:22-cv-00090-LKG, Mem. Op. & Order, ECF 33 (Oct. 6, 2022).)

16. The dispute over the ownership of TC Maryland necessarily encompasses a dispute over ownership and control of both the timing and the right to purchase Pro Green's License, since TC Maryland retains the exclusive option to purchase the License under the OPA.

17. At various times since the filing of the Hippocratic Complaint, each of the Defendants/Claimants has claimed, in correspondence directed to Plaintiffs/Stakeholders, that he/it is the rightful owner of TC Maryland and of the option to purchase Pro Green's License. (*See, e.g.*, **Ex. C** (October 31 – November 6, 2022 correspondence from counsel for Hippocratic to Plaintiff/Stakeholder Alan S. Macdonald, and counsel for Pesce to Plaintiff/Stakeholder Alan S. Macdonald, respectively).) Plaintiffs/Stakeholders also have received conflicting demands in correspondence from each Defendant/Claimant regarding the transfer of the License and transfer application to the MMCC. For example, Pesce has instructed Plaintiffs/Stakeholders not to proceed with the transfer of ownership to TC Maryland, while Hippocratic has demanded that Plaintiffs/Stakeholders proceed with the transfer and execute and/or consent to the transfer application. (*See id.*; *see also* **Ex. D** (Sept. 14, 2022 letter from J. Tepe (counsel for Hippocratic) to Plaintiff/Stakeholder A. Macdonald. and related attachments).) Plaintiffs/Stakeholders have requested repeatedly

---

[3] Other actions between the Defendants/Claimants concerning the alleged breach(es) of the Stock Purchase Agreement are pending in the Circuit Court for Frederick County.

that Pesce and Hippocratic deliver a joint directive instructing Plaintiffs/Stakeholders on the disposition of the License.  No such directive has been received.

18. Accordingly, each Defendant/Claimant claims to have an interest in Pro Green's License that is adverse to the other Defendant/Claimant's interest.

19. Defendant/Claimant Hippocratic completed the application for transfer of Pro Green's License and demanded Plaintiffs'/Stakeholders' consent to the execution and filing of the transfer application.  Plaintiffs/Stakeholders have not executed or consented to this application because the ownership of the purchasing entity (TC Maryland) remains in dispute.  The completed application is included in **Exhibit D**.

## Count I – Interpleader Relief

20. Plaintiffs/Stakeholders incorporate Paragraphs 1-19 by reference as though fully set forth herein.

21. Given the facts alleged, there exists actual rival, adverse, and conflicting claims to the rights under the OPA described above, and Plaintiffs/Stakeholders are unable to proceed with respect to the transfer application or the transfer of the License without exposure to multiple liability, multiple litigations, or both.

22. Plaintiffs/Stakeholders now seek to place custody of the disputed property, *i.e.*, the rights under the OPA, with the Court until the competing claims of the Defendants/Claimants are settled, presumably as determined in or by the outcome of Case No. 1:22-cv-00090-LKG.

23. Plaintiffs/Stakeholders, as the owners of the License, have an interest in avoiding double or multiple liability that may arise from releasing the License and executing the transfer application to the party whose claims may later be invalidated by this Court.

24.     Plaintiffs/Stakeholders are disinterested holders of the License without further interest or concern in the instant controversies, claims, or contentions with respect to the ultimate owner of TC Maryland and the ultimate holder of the License.  At all times, Plaintiffs/Stakeholders have been willing to execute and/or consent to the License transfer application so that the Defendant/Claimant entitled to the right to purchase Pro Green under the OPA can exercise their option.

25.     Justice will not be served by requiring Plaintiffs/Stakeholders to remain party to this case, while incurring costs associated therewith, until the competing claims to the ownership of the OPA are resolved.  Plaintiffs/Stakeholders should not be compelled to become involved in the dispute between the Defendants/Claimants and the Defendants/Claimants should be ordered to litigate amongst themselves without Plaintiffs'/Stakeholders' further involvement.  Therefore, Plaintiffs/Stakeholders request that this Court order the OPA to be in the custody of the Court and order Plaintiffs/Stakeholders be dismissed from the proceeding.

26.     Alternatively, Plaintiffs/Stakeholders, should they remain subject to the Court's jurisdiction and authority for purposes of this case, request that this Court order the OPA to be in the custody of the Court and order that any action directed toward Plaintiffs/Stakeholders by Defendants/Claimants, or either of them, be foreclosed and/or stayed pending further order of the Court.

27.     Plaintiffs/Stakeholders are wholly impartial and have no interest in who is determined to control TC Maryland.  Additionally, Plaintiffs/Stakeholders have in no way colluded with any of the parties named herein concerning the matters of this case. Plaintiffs/Stakeholders have filed this Complaint for Interpleader Relief of their own free will to avoid multiple liability, multiple litigations, or both.

28. Because the disputed property at issue here is a property right without a liquidated value (*i.e.*, the right to purchase Pro Green's License under the OPA), the monetary value of the property is not readily available or determined.[4] Moreover, the monetary value of the property is not being sought as relief by Defendants/Claimants in the Hippocratic Complaint; rather, Defendants/Claimants seek resolution of the dispute over the ownership of TC Maryland and of the OPA, which would allow TC Maryland to purchase Pro Green and consequently allow Plaintiffs/Stakeholders to execute and/or consent to a License transfer application.  (*See* **Ex. C**.)

29. Plaintiffs/Stakeholders therefore allege that depositing the OPA (*i.e.*, the disputed property) into the Court's custody is appropriate and sufficient under 28 U.S.C. § 1335.  If the Court so instructs, however, Plaintiffs/Stakeholders will deposit a bond in an amount to be set by the Court in proper relation the value of the right to purchase Pro Green's License under the OPA.  *See* 28 U.S.C. § 1335(b)(2).

30. Plaintiffs/Stakeholders allege that they are entitled to interpleader relief pursuant to 28 U.S.C. § 1335, and further allege that they are entitled to recover reasonable attorneys' fees and costs as a result of this proceeding per the indemnity provisions of the Third Amended and Restated Operating Agreement of Pro Green Medical, LLC.

WHEREFORE, Plaintiffs/Stakeholders request the following relief:

a. That Defendants/Claimants be enjoined from instituting or prosecuting against Plaintiffs/Stakeholders any proceeding in any state court or United States Court or administrative tribunal relating to the OPA, the License, or the exclusive

---

[4] As stated in the Hippocratic Complaint, "[t]he limited number of licenses for medical cannabis processors makes the ownership, management, and/or control of a medical cannabis processing license a unique asset." Case No. 1:22-cv-00090-LKG, ECF 1-2, ¶ 10.

right to purchase Pro Green's License under the OPA, and that said injunction issue without bond or surety;

b. That the Court determine and declare the rights of the Defendants/Claimants under the OPA relative to the License and the License transfer application;

c. That the Court discharge Plaintiffs/Stakeholders of and from any and all liability under the OPA or otherwise with respect to the License transfer application, subject to further order of the Court with respect to the License or the License transfer application;

d. That the Court excuse Plaintiffs/Stakeholders from further attendance upon this cause and dismiss Plaintiffs/Stakeholders from this case, or, alternatively, foreclose or stay any action directed toward Plaintiffs/Stakeholders by Defendants/Claimants, or either of them, pending further order of the Court;

e. That the Court enter an order awarding Plaintiffs/Stakeholders their costs and attorneys' fees in connection with this action; and

f. That the Court grant Plaintiffs/Stakeholders such other and further relief as the Court deems just and equitable.

Date: November 8, 2022

Respectfully submitted,

*/s/ Michael B. MacWilliams*
Michael B. MacWilliams
Federal Bar No. 23442
mbmacwilliams@venable.com
Susan R. Schipper
Federal Bar No. 19640
srschipper@venable.com
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
410.244.7400

*Attorneys for Plaintiffs/Stakeholders*